IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

**CHRISTOPHER N. WIELAND,**

    **Plaintiff,**

v.      No. 22-cv-02718-SHL-cgc

**REBECCA DODDS, DEANNE DIXON,**
**MARK B. MIESSE, ROBERT C. WIELAND III**

    **Defendants.**

## REPORT AND RECOMMENDATION

Before the Court, by way of Administrative Order 2013-05,[1] is the Defendants' November 18, 2022 Motion to Dismiss. (D.E. # 9) Plaintiff filed his response on January 5, 2023 (D.E. # 14) Defendants filed their reply in opposition on January 12, 2023. (D.E. # 16) Defendants argue that the complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff's response does not address jurisdiction. Based on the motion, response, reply and the record as a whole, it is recommended that the motion be **GRANTED**.

Federal courts are obliged to act sua sponte whenever a question about jurisdiction arises. See, e.g., *Insurance Corp. of Ireland, Ltd.*, 456 U.S. at 702, 102 S. Ct. at 2104 ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10, 58 S. Ct. 586, 589 n.10, 82 L.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

Ed. 845 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*"). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. Federal courts must determine that they have jurisdiction before proceeding to the merits of a case. *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Federal district courts have original jurisdiction over civil actions including those arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331. The courts also have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332(a)(1)

The complaint mentions several statutes – 18 U.S.C. § 1341, 29 U.S.C. § 1109, 15 U.S.C. § 689n, and 5 U.S.C. § 8477 – but does not indicate what facts support claims pursuant to these statutes. It further mentions that "both defendants reside in separate states outside of Tennessee" and that "damages exceed $75,000 dollars." To the extent that Plaintiff bases subject matter jurisdiction on claims under some of these statutes, his reliance is misplaced. "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979)). There is no private right of action or basis for federal question jurisdiction under 18 U.S.C. § 141. *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1179 (6th Cir. 1979) (No private right existed

under the Mail Fraud Statute and no federal question jurisdiction for a private remedy was created under section 1341(citing cases)). There is also no private right of action for breach of fiduciary duty under 29 U.S.C. § 1109. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 132, 140 (1985).

It is not clear that there is diversity jurisdiction in this matter either. Plaintiff does not allege the citizenship or domicile of any of the parties in this matter. There is nothing in the complaint which states the citizenship or domicile of Plaintiff. While Plaintiff states that "both defendants reside in separate states outside of Tennessee", Plaintiff does not address citizenship of any of the defendants. A plaintiff must demonstrate the factual basis upon which diversity jurisdiction is predicated. Absent that, Plaintiff fails to overcome the presumption against federal subject matter jurisdiction by pleading an adequate basis for diversity jurisdiction. See, *Farmer v. Fisher*, 386 Fed. Appx. 554, 557 (6th Cir. 2010)

Therefore, it is RECOMMENDED that the Complaint be dismissed for lack of subject matter jurisdiction.

**SIGNED** this 14th day of June, 2023.

                                                  s/Charmiane G. Claxton
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**