IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER N. WIELAND, )<br>        Plaintiff,                           )<br>                                                   )<br>v.                                                )<br>                                                   )         No. 2:22-cv-02718-SHL-cgc<br>REBECCA DODDS, DEANNE DIXON,  )<br>MARK B. MIESSE, and ROBERT C.  )<br>WIELAND III,                              )<br>                                                   )<br>        Defendants.                       ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION**

Before the Court is Magistrate Judge Charmaine G. Claxton's Report and Recommendation ("Report"), (ECF No. 22), filed June 14, 2023, recommending that the Court grant Defendant's Motion to Dismiss based on the Court's lack of subject matter jurisdiction. Wieland filed his objections to the Report on June 22, 2023. (ECF No. 25.) For the reasons described below, the Court **ADOPTS** the Report and **DISMISSES** Wieland's Complaint for lack of subject matter jurisdiction.

**BACKGROUND**

In brief, Wieland alleges that Defendants defrauded the estate of Marilyn Wieland by funneling the estate's assets for their own benefit, including what appears to be a residence at 1876 Wood Oak Drive in Cordova, Tennessee. (ECF No. 1 at PageID 3-4.) Wieland alleges a wide-ranging conspiracy also existed among the former Memphis Chief of Police, Bob Paudert, and several police officers who were aware of the alleged embezzlement but refused to act or investigate it. (Id. at PageID 3.) Finally, he alleges that Defendant Rebecca Dodds used "chemicals [and] prescription drugs" to prevent him from uncovering this embezzlement and that

Dodds evidently made an "attempt on [his] life," all of which "[t]he district attorney, police, and [his] surrounding 'family' all worked to brush this event out of the courts." (Id. at PageID 4.)

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for the involuntary dismissal of an action. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

In Wieland's Response to the Report, he contests the sole recommendation from the Report, namely "that the Complaint be dismissed for lack of subject matter jurisdiction." (ECF No. 22 at PageID 218.) According to the Report, none of the various federal statutes cited by Wieland, including 18 U.S.C. § 1341, 29 U.S.C. § 1109, 15 U.S.C. § 689n, and 5 U.S.C. § 8477, provide a private cause of action that would confer subject matter jurisdiction on this Court, leaving him without a basis to be in this Court. (Id. at PageID 217-18.) Wieland argues that he has sufficiently plead the elements of "embezzlement." (ECF No. 25 at PageID 224.) He also makes mention of an attempted murder, child abuse, and involuntary drugging. (Id.) By his own admission, however, "this suit belongs in criminal court," and "the matter is certainly criminal and not civil." (Id. at PageID 225.)

Federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case and raise the issue sua sponte." Answers in Genesis of

Ky., Inc. v. Creation Ministries Int'l Ltd., 556 F.3d 459, 465 (6th Cir. 2009). Federal courts may exercise subject matter jurisdiction in two categories: (1) federal question jurisdiction; and (2) diversity jurisdiction. Because Wieland contests the Report's finding of a lack of either federal question or diversity jurisdiction, a de novo review of each is conducted below.

## I. Federal Question Jurisdiction

The first type of subject matter jurisdiction, federal question jurisdiction, covers only civil cases "arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "[E]ven pro se complaints must satisfy basic pleading requirements." Dallas v. Holmes, 137 Fed. App'x 746, 750 (6th Cir. 2005).

Wieland's Complaint states that "the following federal statutes apply: 18 U.S.C. § 1341 – Frauds and Swindles, § 20-108.01. Effect of fraud and evasion, 870. EMBEZZLEMENT AGAINST ESTATE–18 U.S.C. § 153, 29 U.S. Code § 1109 – Liability for breach of fiduciary duty, 15 U.S. Code § 689n – Unlawful acts and omissions; breach of fiduciary duty, 5 U.S.C. 8477: Fiduciary responsibilities; liability and penalties, 18 U.S.C. Chapter 31." (ECF No. 1 at PageID 2.) He states further that "other statues may well [have] been overlooked and not added to this section of the suit." (Id.)

First, the criminal statutes Wieland cites, 18 U.S.C. §§ 153, 1341, and 31 et seq., do not provide private causes of action, i.e., he does not have a right to sue Defendants pursuant to them. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Indeed,

3

"criminal statutes generally do not create private causes of action" unless the cited criminal statute "specifically invoked provide[s a] private cause of action." Young v. Overly, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018).

Section 1341 does not provide a private cause of action. See Ryan v. Ohio Edison Co., 611 F.2d 1170, 1179 (6th Cir. 1979). Section 153, which applies in bankruptcy proceedings, has also repeatedly been found to not provide any private cause of action. See Escalante v. Escalante, No. 22-cv-2485-TC-TJJ, 2023 WL 395971, at *2 (D. Kan. Jan. 25, 2023) (citing Brown v. Oconee Fed. Fin. Corp., No. 2:20-CV-00208-SCJ, 2021 WL 9721156, at *2 (N.D. Ga. Apr. 5, 2021); Peters v. Peters, No. C21-955RSM, 2021 WL 3849343, at *1 (W.D. Wash. Aug. 27, 2021)). Finally, though Wieland fails to cite which specific statute within Chapter 31 he brings his suit under, there is no private cause of action to be found in Chapter 31. See Leggett v. Western Express Inc., No. 3:19-cv-00110, 2020 WL 1161974, at *4 (M.D. Tenn. Jan. 6, 2020) (citing Banks v. Wells Fargo Bank, NA, No. 1:16-cv-00966, 2016 WL 11568948, at *5 (N.D. Ga. Apr. 25, 2016)).

As for the civil statutes Wieland points to, including 29 U.S.C. § 1109, 15 U.S.C. § 689, 5 U.S.C. § 8477, and 20-108.01, none are applicable here. Twenty-nine U.S.C. § 1109 involves breaches of fiduciary duties under the Employee Retirement Income Security Program, which does not apply to this suit. Fifteen U.S.C. § 689n governs unlawful acts and omissions and breaches of fiduciary duties under the Small Business Investment Program, again which does not apply here. Five U.S.C. § 8477 involves fiduciary responsibilities in relation to the Federal Retirement Thrift Investment Management System, which is not implicated here. Finally, § 20-108.01, which the Court construes as a statute drawn from the Code of the District of

4

Columbia, is not a part of the Federal Code and therefore does not provide federal question jurisdiction.

In sum, because Wieland fails to properly identify any federal statute that could confer federal question jurisdiction over this action, and because such jurisdiction is not apparent from his Complaint, the Court lacks it. The Court turns now to the question of whether diversity jurisdiction exists over Wieland's claims.

## II. Diversity Jurisdiction

Federal courts have diversity jurisdiction in suits between citizens of different States where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Under § 1332, "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." V & M Star, LP v. Centimark Corp., 596 F.3d 354, 355 (6th Cir. 2010) (citation omitted). "[T]he party asserting diversity jurisdiction bears the burden of establishing the parties' citizenships. This means that a plaintiff must fully allege the citizenship of each party. And because district courts have an independent obligation to determine whether subject-matter jurisdiction exists, they must hold litigants to this requirement." Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi, 43 F.4th 624, 627 (6th Cir. 2022) (cleaned up). Again, "even pro se complaints must satisfy basic pleading requirements." Dallas, 137 F. App'x at 750.

"Citizenship for the purposes of the diversity statute is synonymous not with 'residence' but with 'domicile,'" which "is determined as of the date of commencement of the action." Kaiser v. Loomis, 391 F.2d 1007, 1009 (6th Cir. 1968) (citations omitted). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either an intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." Stifel v. Hopkins, 477 F.2d 1116, 1120 (6th Cir. 1973).

The Magistrate Judge's Report noted that "[i]t is not clear that there is diversity jurisdiction in this matter either." (ECF No. 22 at PageID 218.) As the Report further describes, Wieland does not state the citizenship of any of the Defendants in the Complaint, stating instead that: "[t]he events took place within the state of Tennessee while both defendants reside in separate states outside of Tennessee." (ECF No. 1 at PageID 2.) In a filing styled as a "Pro Se Reply Memorandum in Further Support of the Motion to Proceed Litigation," Wieland expands on the issue of citizenship, stating that: "[t]hough the plaintiff is currently in Germantown, TN, the plaintiff isn't domiciled in Tennessee as the plaintiff is not recognized by the state of Tennessee as a resident, nor has any residence, and lives as a nomad. The plaintiff rests al fresco with the ground below [and] the stars above in no fixed location as weather permits." (ECF No. 17 at PageID 185.)

Wieland's most direct attempt to establish each party's citizenship comes in his Response to the Report. He states that he "isn't domiciled here in Tennessee" as he lacks any "state identification, vehicle registration, or recognition [from] the state as a residence," that his "last domicile was in Anchorage[,] AK and before that Tampa," and that "all of [his] belongings are in storage in Seattle and Alaska in order for [him] to be present in the area for prosecution." (ECF No. 25 at PageID 225.) According to Wieland, he is "living as a nomad currently without specific domicile or residence." (Id. at PageID 226.) As for Defendants' citizenships, he notes that Robert Wieland III was served in Tampa, Florida, that Defendant Rebecca Dodds was served in Arkansas, and that Defendant Mark Miesse was served in Germantown, Tennessee. (Id. at PageID 225.)

Defendants concede in their Motion to Dismiss that Defendants Dodds, Dixon, and Wieland III are citizens of states other than Tennessee, but aver that Defendant Miesse is a

6

Tennessee citizen, with a residence at 2024 Elzey Ave., Memphis, Tennessee, eliminating complete diversity and depriving the Court of diversity jurisdiction because Wieland is also a Tennessee citizen. (ECF No. 9-1 at PageID 116-17.)

Given that the Parties agree that Defendant Miesse is a citizen of Tennessee, the issue here is Wieland's citizenship. To start, Wieland is incorrect that he has no domicile or residence. Domicile is, at the very least, established at birth and "[t]hat domicile persists until and unless it is changed." Kaiser, 391 F.2d at 1009 (quoting Mitchell v. United States, 88 U.S. 350, 353 (1874)). Wieland avers that his last domicile was in Anchorage, Alaska, (ECF No. 25 at PageID 225), which is supported by his assertion that his belongings remain stored there, (id.). The question becomes whether Wieland has since changed his state of domicile to become a citizen of Tennessee.

Wieland states that "plaintiff is currently in Germantown, TN," (ECF No. 17 at PageID 185), thereby conceding the physical presence element of domicile. See Stifel, 477 F.2d at 1117. Intent is a closer question. Based on the current record, however, Wieland shows "the absence of an intention to make his home elsewhere." Id. In his own words, he "lives as a nomad" with "no fixed location." (ECF No. 17 at PageID 185.) Nothing in the Complaint nor any of Wieland's filings have evinced an intent to domicile elsewhere. Given his burden to show that diversity jurisdiction exists, see Akno 1010, 43 F.4th at 627, Wieland fails to overcome this conclusion. Thus, because Wieland is physically present in Tennessee and fails to show an intent to domicile elsewhere, he is a citizen of Tennessee for the purposes of diversity jurisdiction.

\* \* \* \*

With both Parties agreeing that Defendant Miesse is a citizen of Tennessee, and because the Court finds that Wieland is also a citizen of Tennessee for purposes of the diversity jurisdiction statute, complete diversity between the Parties does not exist and the Court therefore lacks diversity jurisdiction to hear Wieland's case.

## CONCLUSION

Given the reasoning above, the Court agrees, upon de novo review, with the conclusion of the Magistrate Judge: the Court lacks both federal question and diversity jurisdiction, depriving the Court of subject matter jurisdiction over Wieland's claims. The Court therefore **ADOPTS** the Magistrate Judge's Report in its entirety and **DISMISSES** Wieland's Complaint **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[1]

**IT IS SO ORDERED,** this 7th day of July, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Report does not include a direct recommendation as to whether the dismissal should be with or without prejudice. On the one hand, the Report recommends granting Defendants' Motion to Dismiss as to their argument that the Court lacks subject matter jurisdiction and the Motion requests that Wieland's claims be dismissed "as a matter of law." (ECF No. 9 at PageID 112.) On the other hand, "dismissals for lack of jurisdiction should generally be made without prejudice," and dismissals for lack of jurisdiction with prejudice should be largely limited to "rare circumstances" such as where the court is using "its inherent power to dismiss with prejudice (as a sanction for misconduct)." Ernst v. Rising, 427 F.3d 351, 367 (6th Cir. 2005) (cleaned up); see also Mitan v. Int'l Fid. Ins. Co., 23 F. App'x 292, 297 (6th Cir. 2001) ("Dismissals of actions that do not reach the merits of a claim, such as dismissals for lack of jurisdiction, ordinarily are without prejudice"). Because the Report did not reach the merits of Wieland's claims, they are dismissed without prejudice.