IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER N. WIELAND, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 2:22-cv-02718-SHL-cgc |
| REBECCA DODDS, DEANNE DIXON, ) | |
| MARK B. MIESSE, and ROBERT C. ) | |
| WIELAND III, ) | |
|     Defendants. ) | |

**ORDER DENYING MOTION FOR DISQUALIFICATION**

Before the Court is Plaintiff Christopher Wieland's Motion to Disqualify Judge Lipman (ECF No. 35), filed September 13, 2023. For the following reasons, the motion is **DENIED**.

28 U.S.C. § 455(a) provides that "[a]ny . . . judge . . . of the United States shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. Ullmo ex rel. Ullmo v. Gilmour Acad., 273 F.3d 671, 681 (6th Cir. 2001). A judge's participation in the proceedings or prior contact with a litigant in related cases cannot support a demand for recusal. Liteky v. United States, 510 U.S. 540, 556 (1994). "[A] judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise." Scott v. Metro. Health Corp., 234 F. App'x 341, 352 (6th Cir. 2007) (internal quotation marks omitted).

Wieland disagrees with the Court's prior ruling concerning his domicile and the lack of diversity jurisdiction in this case. (See ECF No. 27.) He argues that I am exerting "signs of either corruption or mental deterioration . . . [an] inability to comprehend text and discern definitions or exhibiting a clear bias in favor of the defense." (ECF No. 35 at PageID 273.)

However, Wieland does not reason through his harsh, yet unfounded, allegations, and does not argue a legitimate claim of bias. Instead, he avers that the Court was wrong and takes the opportunity to rehash arguments over his domicile in an attempt to relitigate the issue. (Id. at PageID 274–81.)

As previously stated, a judge's interpretation of the law is not a basis for recusal or disqualification. See Ullmo, 273 F.3d at 681. Thus, the motion for disqualification is **DENIED**.

**IT IS SO ORDERED**, this 23rd day of May, 2024.

                                         s/ Sheryl H. Lipman
                                         SHERYL H. LIPMAN
                                         CHIEF UNITED STATES DISTRICT JUDGE